IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LARRY J. ALLEN                                                                                                                           PETITIONER

v.                                  Civil No. 05-5020

LARRY NORRIS, Director,
Arkansas Department of Correction                                                 RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Larry Jay Allen, a prisoner of the Arkansas Department of Correction, brings this petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent Norris has responded and moves to dismiss the action on the grounds of untimeliness and procedural default. I directed Allen to complete a questionnaire as his response to the motion to dismiss. (Doc. 12).

DISCUSSION

In January 2003, Allen pled guilty in Washington County to two counts of robbery and was sentenced to the ADC for 20 years. He also pled guilty to a Madison County robbery and was sentenced to 20 years with the sentence to run concurrent to the Washington County sentence. In March 2003, Allen pled guilty in Benton County to possession of drug paraphernalia and possession of a controlled substance and was sentenced to 10 years in the ADC.

After entering his guilty pleas, Allen was not permitted to appeal his convictions. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. Cr. P. 24.3; Ark. R. App. P. - Cr. 1. Allen did not file a post-conviction petition under Rule 37 of the Arkansas Rules of Criminal

Procedure. For guilty pleas, such petitions are to be filed within 90 days of the date of entry of judgment. Ark. R. Cr. P. 37.2(c).

In this proceeding, Allen asserts the following grounds for relief: denial of access to grand jury proceedings, illegally issued arrest warrant, violation of state procedural rules for issuance of arrest warrant, denial of effective assistance of counsel, and lack of jurisdiction of state courts.

Norris contends that Allen's petition is untimely. 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, establishes a one-year statute of limitations to state habeas corpus petitions. The one-year period runs from the latest of:

> (d)(1)(A)     the date on which the judgment became final by the conclusion of direction review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time is tolled during the period which a properly filed state post-conviction petition is pending. 28 U.S.C.§ 2244 (d)(2).

Allen offers that he could not have known the factual basis for the claims in time to file within the one-year period. 28 U.S.C. § 2244(d)(1)(D) provides that a conviction is final on the date the factual predicate for the claim could have been discovered through the exercise of due diligence. However, the facts of the grand jury proceedings, arrest warrant, counsel's performance and court's jurisdiction were all readily available during the criminal proceedings.

I find that Allen's conviction became final under 28 U.S.C. § 2244(d)(1)(a) when he pled guilty and was sentenced in January and March 2003. The right to appeal the convictions expired with the guilty pleas and Allen filed no post-conviction motions. Allen did not file his petition in this court until January 14, 2005, when he signed the instant petition. Thus, the petition was untimely filed.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources).

In the questionnaire, Allen was asked to cite any cause or reason why the court should still consider his petition even if untimely filed. He stated that he had no counsel and did not understand the legal process. These excuses are insufficient to warrant equitable tolling.

Even if Allen's petition had been timely filed, it would still be barred from consideration by the doctrine of procedural default. Allen failed to present the claims here at the state trial level. Federal courts refuse to consider claims procedurally defaulted at the state level absent a showing of cause for the default and resulting prejudice or factual innocence. *Bousley v. United States*, 523 U.S. 614 (1998). Ineffective assistance of counsel cannot serve as "cause" for a default unless the petitioner presented the claims of defective counsel performance as independent claims at the state level. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Vasquez v. Lockhart*, 867 F.2d 1056, 1057-58 (8th Cir. 1988)(claim of ineffective state appellate counsel barred because not raised in state post-conviction proceeding). Further, ignorance of legal arguments and procedural matters based on pro se status is not "cause." *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Here, plaintiff offers his lack of legal knowledge and pro se status to excuse his failure to present the claims at the state level which is not legal "cause" to justify the failure. Accordingly, plaintiff's claims would be procedurally defaulted even if the petition were considered timely filed.

CONCLUSION

Based on the above, I recommend that Allen's petition under 28 U.S.C. § 2254 be dismissed with prejudice as barred by limitations and/or procedurally defaulted. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 9th day of September 2005.

                                          /s/Beverly Stites Jones
                                        HON. BEVERLY STITES JONES
                                        UNITED STATES MAGISTRATE JUDGE